IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | **CRIMINAL ACTION NO.** |
| v.     ) | **2:22cr303-MHT** |
| ) | **(WO)** |
| **JOSHUA McMILLAN**   ) | |

ORDER

This cause is before the court on the unopposed motion to continue trial filed by defendant Joshua McMillan. For the reasons set forth below and during a hearing on the record on August 24, 2023, the court finds that jury selection and trial, now set for September 11, 2023, should be continued pursuant to 18 U.S.C. § 3161(h).

While the granting of a continuance is left to the sound discretion of the trial judge, see *United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within

>    seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

§ 3161(c)(1).  The Act excludes from the 70-day period any period of delay resulting from "any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion," § 3161(h)(1)(D), or resulting from any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial," § 3161(h)(7)(A).  In granting a continuance under subsection (h)(7)(A), the court may consider, among other factors, whether the failure to grant the continuance "would be likely to ... result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation,

2

taking into account the exercise of due diligence," § 3161(h)(7)(B)(iv).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and McMillan in a speedy trial. McMillan filed a motion to dismiss the indictment (Doc. 30) in late February. On August 23, 2023, the magistrate judge issued a report and recommendation (Doc. 81) on the motion, recommending denial of the motion. Defense counsel plans to file an objection to the recommendation by the September 6, 2023, deadline. While there may be enough time for the court to resolve the objection and the motion before the current trial date of September 11, should the court adopt the recommendation, defense counsel will need additional time to advise McMillan on his options, and possibly to negotiate a plea. Especially given that the deadline for changes of plea has already passed, there is insufficient time to complete these tasks with the current trial setting. Additionally, the court sees no

evidence of a lack of diligence on counsel's part. A continuance is necessary to allow sufficient time for the resolution of the motion to dismiss and for defense counsel to advise his client and possibly negotiate a plea should the motion to dismiss be denied. The government does not oppose the motion.

\*\*\*

Accordingly, it is ORDERED as follows:

(1) The unopposed motion to continue trial (Doc. 79) is granted to the extent that the jury selection and trial, now set for September 11, 2023, are reset for October 16, 2023, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson, Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

The United States Magistrate Judge shall postpone the change-of-plea and any other appropriate deadlines.

DONE, this the 24th day of August, 2023.

/s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**