IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:22cr303-MHT |
| | ) | (WO) |
| JOSHUA McMILLAN | ) | |

OPINION AND ORDER

Defendant Joshua McMillan was indicted on one count of possessing a firearm as a convicted felon in violation of 18 U.S.C. § 922(g)(1). Now before the court is his second motion to dismiss, which challenges the constitutionality of § 922(g)(1) based on the Supreme Court's holding in *New York State Rifle and Pistol Ass'n v. Bruen*, 142 S. Ct. 2111 (2022). For the reasons set forth below, the motion is denied.

Before the court can reach McMillan's *Bruen* argument, it must decide whether his claim is foreclosed by circuit precedent. In *United States v. Rozier*, 598 F.3d 768 (11th Cir. 2010), the Eleventh Circuit Court of Appeals held that § 922(g)(1) does not offend the Second Amendment. This court is bound to

follow *Rozier* "unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by [the Eleventh Circuit] sitting en banc." *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008). An intervening Supreme Court case may be considered to have abrogated a prior Eleventh Circuit decision only if it is "clearly on point." *Garrett v. University of Alabama at Birmingham Bd. of Trustees*, 344 F.3d 1288, 1292 (11th Cir. 2003).

McMillan contends that *Rozier* is no longer good law. He argues that, because *Bruen* articulated "a new standard to evaluate" Second Amendment claims, Reply (Doc. 106) at 2 (quoting *Archer*, 531 F.3d at 1352), all circuit precedent not employing that standard is now abrogated. The court is unpersuaded. *Bruen* disavowed a particular "standard" for assessing the constitutionality of statutes regulating firearms: means-end scrutiny, which asked "how close the law [came] to the core of the Second Amendment right and the severity of the law's burden on that right."

2

*Bruen*, 142 S. Ct. at 2126 (quoting *Kanter v. Barr*, 919 F.3d 437, 441 (7th Cir. 2019)).  The Eleventh Circuit did not apply means-end scrutiny in *Rozier*; indeed, the circuit court did not adopt means-end scrutiny until two years after *Rozier* was decided.  *See GeorgiaCarry.Org, Inc. v. Georgia*, 687 F.3d 1244, 1260 n.34 (11th Cir. 2012).

Moreover, to the extent *Bruen* enunciated a new standard, the Supreme Court did not apply it to § 922(g)(1).  Anticipating challenges like McMillan's, Justice Kavanaugh, joined by the Chief Justice, noted in his concurrence that *Bruen* did not "cast doubt on longstanding prohibitions on the possession of firearms by felons."  *Bruen*, 142 S. Ct. at 2162 (Kavanaugh, J., concurring) (quoting *D.C. v. Heller*, 554 U.S. 570, 636 (2008)).  Dicta though this language may be, Justice Kavanaugh's concurring remarks reinforce the court's conclusion that *Bruen* did not address § 922(g)(1)'s constitutionality with sufficient clarity to abrogate *Rozier*.

It is for the Eleventh Circuit, not this court, to consider *Bruen*'s ramifications for criminal law. McMillan is welcome to press his claim that *Rozier* warrants revisiting on appeal. Because the court is bound by circuit precedent, it must reject McMillan's second motion to dismiss the indictment.

\* \* \*

Accordingly, it is ORDERED that defendant Joshua McMillan's second motion to dismiss the indictment (Doc. 103) is denied.

DONE, this the 20th day of October, 2023.

/s/ Myron H. Thompson  
**UNITED STATES DISTRICT JUDGE**